UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIM A. WEBB

VERSUS

HYUNDAI MOTOR AMERICA
CORPORATION

CIVIL ACTION

NO.: 15-CV-00631-JWD-SCR

## *SUA SPONTE* BRIEFING ORDER

Federal courts are courts of limited jurisdiction. The burden of establishing jurisdiction in this court lies with the party invoking the federal forum, in this case, the plaintiff who filed the lawsuit in this court. (Doc. 1). *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The plaintiff (pro se) contends that this Court has subject matter jurisdiction under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et. seq. (Doc. 1, p. 1).

The MMWA supports jurisdiction in this court only if the amount in controversy exceeds $50,000.00, exclusive of interest and costs. 15 U.S.C. § 2310(d)(3)(B); *Scarlott v. Nissan North America, Inc.*, 771 F.3d 883 (5th Cir. 2014). After reviewing the Complaint in this matter, it is not facially apparent that the amount in controversy requirement is met in this case. (Doc. 1, pp. 1-4). The plaintiffs allege that he purchased a 2012 Hyundai Accent for $18,893.60 with a manufacturer's 100,000 mile, ten year warranty. Plaintiff demands that the vehicle be repaired, that he be given a "comparable vehicle" and paid costs. (*Id.*)

Because the amount in controversy is jurisdictional, this Court must raise the issue *sua sponte* if there is any doubt concerning subject matter jurisdiction. *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998). "[S]tatutes conferring jurisdiction are to be strictly construed, and doubts resolved against federal jurisdiction." *Boelens v. Redman Homes, Inc.*, 748 F.2d

1

1058, 1067 (5th Cir. 1984). The test to be applied is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional threshold]." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1263 and n.13 (5th Cir. 1998).

The Complaint does not explain how Plaintiffs reach the $50,000.00 figure. Accordingly,

IT IS ORDERED that the plaintiffs shall, no later than 30 days from the date of this order, file a memorandum setting forth specific facts that support a finding that the amount in controversy exceeds $50,000.00, exclusive of interest and costs. These facts should be supported by summary judgment type evidence, e.g., affidavits or declarations made on personal knowledge and properly authenticated documents. The defendants will be allowed 14 days to respond to the plaintiff's submission. If plaintiff cannot make the required showing, the Court will dismiss this case without prejudice for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on October 6, 2015.

_____
JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA